01
02
03
04
05
06
07
08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

09  MARIO RODRIGUEZ-MORALES,          )   CASE NO.   C05-0366-MJP-MAT
                                      )              (CR04-263-MJP)
10          Petitioner,                )
                                      )
11          v.                         )
                                      )   REPORT AND RECOMMENDATION
12  UNITED STATES OF AMERICA,          )
                                      )
13          Respondent.                )
    _____    )

## INTRODUCTION

Petitioner, a Mexican national currently incarcerated in a federal prison in Manchester, Kentucky, has filed a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Dkt. #1). The government has filed a response. (Dkt. #6). Having considered the motion, response, and the balance of the record, the court concludes, for the reasons discussed below, that the motion should be denied.

## PROCEDURAL HISTORY

On July 13, 2004, petitioner and the government entered into a plea agreement pursuant to which petitioner agreed to plead guilty to two counts of violating 8 U.S.C. § 1325(a), Unlawful Entry by Eluding Examination and Inspection by Immigration Officers. (Dkt. #14 in Case No. CR04-263P). In exchange, the government agreed to recommend a sentence of 6 months in prison for the first count and a concurrent sentence of 24 months for the second count, for a total

01 | term of 24 months. (*Id.*) On October 18, 2004, the court accepted the parties' recommendation
02 | and sentenced petitioner to a total of 24 months in prison. (Dkt. #21 in Case No. CR04-263P).[1]
03 | On March 7, 2005, petitioner filed the instant motion under 28 U.S.C. § 2255 to vacate,
04 | set aside, or correct his sentence. (Dkt. #1). On March 14, 2005, this matter was referred to the
05 | undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules MJR 3 and 4.
06 | (Dkt. #4). The government filed its response to petitioner's § 2255 motion on March 22, 2005.
07 | (Dkt. #6). Petitioner has not filed a reply to the government's response. The matter is now ready
08 | for review.

09 | DISCUSSION

10 | In his § 2255 motion, petitioner raises a single claim for relief: ineffective assistance of
11 | counsel. (Dkt. #1 at 5). Specifically, petitioner argues that his attorney "did not argue downward
12 | departure at sentencing due to nature of charge." (*Id.*)

13 | A claim of ineffectiveness of counsel is reviewed according to the standard announced in
14 | *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). In order to prevail, petitioner must
15 | establish two elements. First, he must establish that counsel's performance was deficient, *i.e.*, that
16 | it fell below an "objective standard of reasonableness" under "prevailing professional norms."
17 | *Strickland*, 466 U.S. at 687-88 (1984). Second, he must establish that he was prejudiced by
18 | counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's
19 | unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466
20 | U.S. at 694.

21 | Regarding the first prong of the *Strickland* test, there is a "strong presumption that
22 | counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*,
23 | 466 U.S. at 689. Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential."

---

[1] Petitioner states in his motion that he filed an appeal to the Ninth Circuit Court of Appeals and that the Ninth Circuit affirmed his conviction and sentence. (Dkt. #1 at 2). However, the court's records do not reveal such an appeal, nor does an electronic search of Ninth Circuit cases.

REPORT AND RECOMMENDATION
PAGE -2

*Id.* The test is not whether another lawyer, with the benefit of hindsight, would have acted differently, but whether "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687, 689.

In its response, the government argues that petitioner's attorney was precluded from seeking a downward departure at sentencing because the parties had agreed in the plea agreement to ask the court to impose a specific sentence, *i.e.*, 24 months. (Dkt. #6 at 4). Had petitioner's attorney asked for a downward departure, the government would have considered the plea agreement to have been breached and would have sought to charge petitioner with a more serious crime: violating 8 U.S.C. § 1326(a), "Illegal Reentry After Deportation." (*Id.*) According to the government, such a crime would have carried a potential maximum sentence for petitioner of 20 years in prison. (*Id.*)

Applying the principles articulated above, the court finds that petitioner fails to satisfy either prong of the *Strickland* test. Under the plea agreement negotiated by his attorney, petitioner received a 24-month sentence and was not exposed to the 20-year maximum which he could have faced. Thus, counsel's performance was not deficient. In addition, petitioner does not show how his attorney could have successfully argued that the court should depart downward from the recommended sentence. Petitioner therefore fails to show that he was prejudiced by his attorney's allegedly deficient performance. Because he fails to satisfy the *Strickland* test, petitioner's claim, and his § 2255 motion, should be denied.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

REPORT AND RECOMMENDATION
PAGE -3

## CONCLUSION

For the foregoing reasons, petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, should be denied. Because the record conclusively establishes that petitioner is not entitled to relief, an evidentiary hearing is not required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). A proposed Order is attached.

DATED this 4th day of May, 2005.

*[signature]*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -4